IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRACY GOLAS and CHER GOLAS | : CIVIL ACTION NO.: |
| Plaintiffs | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| ELECTROLUX HOME PRODUCTS, INC. | : |
| Defendant. | : AUGUST 24, 2012 |

## COMPLAINT

### PARTIES

1. The Plaintiffs herein, Tracy and Cher Golas (hereinafter "the Golas"), are adult individuals residing in the State of Connecticut.

2. The Defendant herein, Electrolux Home Products, Inc. (hereinafter "Electrolux"), is a corporation duly organized and existing under the laws of the State of Delaware, with a principal place of business located at 20445 Emerald Parkway, Cleveland, Ohio, and at all times material hereto, was engaged in the business of, inter alia, designing, manufacturing, distributing, selling and/or supplying household appliances, including electric ranges.

### JURISDICTION AND VENUE

3. The jurisdiction of this Court is based upon diversity of citizenship pursuant to 28 U.S.C. §1332. The matter in controversy exclusive of interest and costs, exceeds the sum of $75,000.

4. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. §1391 as the events giving rise to the claims at issue occurred in this district.

## **FACTS**

5. At all times material hereto, the Golas owned the real and personal property located at 365 Mohegan Park Road, Norwich, Connecticut (hereinafter "the property").

6. Prior to September 26, 2009, the Golas purchased a Kenmore brand electric range (hereinafter "the range") that was installed at the property.

7. The range was designed, manufactured, assembled, distributed, sold and/or otherwise placed into the stream of commerce by Defendant Electrolux.

8. At the time the range was designed, manufactured, assembled, distributed, sold and/or otherwise placed into the stream of commerce by Defendant Electrolux, the range was in a defective condition, which rendered the range unreasonably dangerous to persons and property.

9. The unreasonably dangerous and defective condition of the range existed at the time the product left the hands of Defendant Electrolux.

10. On or about September 26, 2009, a fire originated at the property that was caused by the dangerous and defective range.

11. At the time of the fire, the range had not been substantially altered from the condition it was in at the time it left the hands of Defendant Electrolux.

12. As a direct and proximate result of the dangerous and defective range, the subject fire occurred and caused damage to the Golas' real and personal property in an amount in excess of $75,000.

## COUNT I - - PRODUCTS LIABILITY
### Plaintiffs v. Electrolux

13. Plaintiffs incorporate by reference the allegations in the paragraphs above as though fully set forth at length herein.

14. The range was not abused or altered in any way by the Golas from the condition in which it was manufactured and supplied by Defendant Electrolux.

15. Defendant Electrolux is liable and legally responsible to Plaintiffs for the damages caused by the fire by virtue of Connecticut General Statutes Section 52-572 (m) et.seq. in one or more of the following respects:

    (a)    the range was in a defective and unreasonably dangerous condition;

    (b)    Defendant Electrolux failed to provide a proper, adequate and safe range, with all necessary safety features;

    (c)    Defendant Electrolux designed, manufactured and sold the range in a condition that it knew, or should have known, subjected the property of others to a foreseeable and unreasonable risk of harm;

    (d)    Defendant Electrolux designed and manufactured the range in a condition that was not merchantable or fit for the purpose for which such products are ordinarily and foreseeably used;

    (e)    Defendant Electrolux failed to provide proper and adequate warnings and/or instructions for the range;

    (f)    Defendant Electrolux failed to design the range so that foreseeable failures of the range and its components would not present a fire hazard;

    (g)    Defendant Electrolux failed to provide proper and adequate safeguards to prevent the range from igniting a fire;

    (h)    Defendant Electrolux caused or allowed a defectively designed and/or manufactured range to be placed in the stream of commerce;

    (i)    Defendant Electrolux negligently designed the range;

    (j)    Defendant Electrolux negligently manufactured the range;

    (k)    Defendant Electrolux negligently failed to properly and adequately test the range;

 (l) Defendant Electrolux negligently failed to properly and adequately distribute the range;

 (m) Defendant Electrolux breached the implied warranty of merchantability in that the range was not merchantable for its intended purpose; and

 (n) Defendant Electrolux caused or allowed the fire to occur.

16. As a direct and proximate result of the aforesaid conduct of Defendant Electrolux, the subject fire occurred, resulting in damage to Plaintiffs in an amount in excess of $75,000.

WHEREFORE, Plaintiffs demand judgment against Defendant Electrolux in an amount in excess of $75,000 together with the costs of this action and such other relief as the Court may find appropriate.

RESPECTFULLY SUBMITTED,
THE PLAINTIFFS

BY: _____
Mark D. O'Hara, Esq. ct27200
Law Offices of Stuart G. Blackburn
Two Concorde Way, Building 3C
P.O. Box 608
Windsor Locks, CT 06096-0608
Tel.: (860) 292-1116
Fax: (860) 292-1221
markohara@sbcglobal.net

OF COUNSEL:

COZEN O'CONNOR
Steven K. Gerber, Esquire
1900 Market Street
Philadelphia, PA 19103
Tel: 215-665-2088
Fax: 215-701-2088
sgerber@cozen.com
CT Bar #22188